QUESTION: Must the Legislature take action to either sustain or override gubernatorial vetoes during a special or extra session or can consideration of such vetoes be delayed until the next regular session?
SUMMARY: In the absence of clear and unequivocal evidence of an intent to require that the Legislature act on veto messages during special sessions, s. 8(b), Art. III, State Const., should not be construed to require that the Legislature take action to either sustain or override gubernatorial vetoes during a special session. Section 8, Art. III, State Const., provides in pertinent part: (b) When a bill or any specific appropriation of a general appropriation bill has been vetoed by the governor, he shall transmit his signed objections thereto to the house in which the bill originated if in session. If that house is not in session, he shall file them with the secretary of state, who shall lay them before that house at its next regular or special session, and they shall be entered on its journal. This provision is similar to that contained in the 1885 Florida Constitution which provided that: If the Legislature, by its final adjournment prevent [sic] such action, [return of vetoed bill within five days] such bill shall be a law unless the Governor within twenty (20) days after adjournment shall file such bill, with his objections thereto, in the office of the Secretary of State, who shall lay the same before the Legislature at its next session . . . . [Section 28, Art. III, State Const. 1885; emphasis supplied.] These two constitutional provisions, as they relate to the return of vetoed bills, are substantially similar. While the 1885 Constitution required the Secretary of State to lay the vetoed bill and objections thereto before the Legislature at its next session, the 1968 Constitution specifically requires the Secretary of State to lay such bill before the house in which the bill originated at its next regular or special session. In AGO 061-97, Attorney General Richard W. Ervin opined that once the Legislature is convened in special session, it is empowered to consider all things as if convened in regular session. This, of course, is qualified by the specific limitation found at s. 3(c)(1), Art. III, State Const. Attorney General Ervin noted that while normally veto messages would not be presented to the Legislature convened in special session prior to the regular session, doubt exists as to whether the Legislature, convened in special session, would be precluded from considering vetoed bills. Also see AGO 044- 158, June 6, 1944, Biennial Report of the Attorney General, 1943- 1944, p. 96.
In AGO 067-55, Attorney General Earl Faircloth, citing an informal opinion to Senator John A. Mathews, dated August 15, 1967, stated that while it is not mandatory for the Legislature to consider the Governor's current veto messages until the next regular session of the Legislature, the Legislature could, by two-thirds vote of each house, consider such veto messages at a special session. While it could be argued that the 1968 Constitution has altered this construction and has made the consideration of veto messages mandatory at special sessions, I am unable to reach such a conclusion in the absence of specific evidence of such an intent. Significantly, the comments accompanying s. 8(b), Art. III, State Const., do not make mention of such an intent to alter the previous construction given the 1885 Constitution by three former Attorneys General. To the contrary, a persuasive argument can be made that the insertion of the word "special" in the 1968 Constitution was done in order to give the Legislature the power to consider vetoed bills during special session if it desired to do so. To flatly state, however, that such action is required or mandated is a different matter, and I am unable to construe s. 8(b), Art. III in such a manner in the absence of unequivocal evidence of an intent to impose such a constitutional requirement upon the Legislature.